UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER J. GARCIA, #205732,

    Plaintiff,

v                                                 Case No. 5:05-cv-33

MICHIGAN PAROLE BOARD,               Hon. Wendell A. Miles
PAROLE AGENT MRS. KERR,
PAROLE AGENT SHARON SMITH,
and PAROLE AGENT T. HAECK,
in their official and individual capacities,

    Defendants.

_____/

OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff filed his *pro se* complaint in this action on February 16, 2005. A Michigan parolee, he sought relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with his parole. Plaintiff filed an Amended Complaint on March 16, 2005. The matter is currently before the court on Defendants' Motion to Dismiss under Rule 12(b)(6) (docket no. 33). Plaintiff has not filed a written response to the motion.

For the reasons to follow, the court GRANTS the motion.

**I**

At the time he filed this action, plaintiff was a Michigan parolee. Plaintiff named as defendants the Michigan Parole Board and three of its parole officers, defendants Kerr, Smith,

and Haeck. Although plaintiff's parole term was due to expire as of June 6, 2005, plaintiff sought early termination of his parole so that he could move to Kentucky, where he allegedly owned a home. In his original complaint, plaintiff also appears to express disagreement with certain conditions of his parole, including but not limited to a requirement that he pay restitution As relief, he sought a declaratory judgment that the defendants violated his constitutional rights, in addition to "nominal damages." In an amended pleading filed on March 16, 2005 (docket no. 6, "Petition to Ammend Complaint" [sic]), plaintiff asked that the court order his parole to be terminated not later than June 6, 2005, the date on which his parole term was to expire. Plaintiff later also filed a request for expedited consideration (docket no. 9), expressing concern that he would be sent back to prison and seeking injunctive relief preventing this from occurring. The court denied that request, and the defendants later filed their current motion.

## II

"A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In deciding whether to grant a motion under the rule, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997).

In their motion, the defendants assert a number of bases for dismissal. Although they have submitted matters outside the pleadings in support of their motion, the court has not considered these materials in assessing the merits of defendants' motion, as it is unnecessary to do so.

The defendants argue that the Michigan Parole Board, as an arm of the State of Michigan, is immune from suit under the Eleventh Amendment. They further argue that even though individual parole officials are also named as defendants, plaintiff's claims against them are likewise subject to dismissal under the Eleventh Amendment because the State of Michigan is the real, substantial party in interest.

At the outset, the court notes that to the extent that plaintiff seeks a shortening or alteration of his sentence, his claim is not cognizable under § 1983. Wilkinson v. Dotson, 125 S.Ct. 1242 (2005); Belt v. Indiana Parole Dept., 241 F. Supp.2d 905 (N.D. Ind. 2003). A plaintiff seeking such relief must do so via a petition for habeas corpus under 28 U.S.C. § 2254, which requires exhaustion of state court remedies. E.g., Veneri v. State of Missouri, 734 F.2d 391, 393 (8th Cir. 1984). Plaintiff has not alleged that he has exhausted his state court remedies.

To the extent that plaintiff seeks relief other than the shortening or alteration of his sentence, the defendants are correct that they are immune from suit. Eleventh Amendment immunity is a jurisdictional bar, and applies regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-101, 104 S.Ct. 900, 908-909 (1984). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. See Seminole Tribe of Fla v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114,

3

1122 (1996). Michigan's Parole Board is an administrative agency within the executive branch of Michigan's government. In re Parole of Bivings, 242 Mich. App. 363, 619 N.W.2d 163, 167-168 (2000). As such, it is immune from suit in this action.

Defendants Kerr, Smith, and Haeck, identified in the complaint as parole agents, are also entitled to claim immunity for their alleged "threats" to violate plaintiff's parole. See Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996) (officers recommending delay of parole were entitled to absolute immunity); see also Walter v. Torres, 917 F.2d 1379, 1384 (5th Cir. 1990) (parole officials are absolutely immune from liability for conduct in individual parole decisions).

The defendants also argue that plaintiff's claim is moot because he has now been discharged from parole. Whether or not plaintiff has actually been discharged (and because he has not responded to the motion it is not known whether he disputes this contention), both plaintiff's complaint and amended complaint indicate that his parole was to continue only until June 5, 2005. That date has passed. However, because all of the defendants are immune from suit in any event, the court need not resolve the issue of mootness.[1]

---

[1] On the face of their motion, the defendants have included what appears to be boilerplate language stating, "DEFENDANT HEREBY REQUESTS THAT THE COURT DISPENSE WITH ORAL ARGUMENT UNDER LOCAL RULE BECAUSE THE PRO SE PLAINTIFF IS CONFINED IN PRISON." The court presumes that this statement is included in error, insofar as plaintiff has not alleged that he is currently incarcerated.

4

## **Conclusion**

Because the defendants are immune from suit, the court grants the motion to dismiss for failure to state a claim under Rule 12(b)(6).

So ordered this 13th day of October, 2005.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge